IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUIPMENT CORPORATION OF AMERICA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | |
| | : | |
| MONCON, INC., ACCIDENT FUND INSURANCE CO. OF AMERICA, NEW YORK STATE INSURANCE FUND and ASPEN AMERICAN INSURANCE COMPANY, | : : : : : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendant, Aspen American Insurance Company ("Aspen"), by and through its counsel, Houston Harbaugh, P.C., hereby notifies the Court and Plaintiff, Equipment Corporation of America ("ECA"), of the removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

In support of removal, Aspen states as follows:

1. On October 4, 2023, ECA filed a Complaint in Civil Action against Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania ("the Complaint").[1] A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. The Complaint contains four causes of action:

    a. Breach of contract against Moncon, Inc. ("Moncon") (Count I);

---

[1] The Complaint lists Paragraphs 89 through 91 immediately after Paragraph 45, then starts anew with Paragraph 46 in Count IV. Citations to the Complaint herein are to the paragraph numbers used therein.

   b. *Quantum Meruit* against Moncon (Count II);

   c. Breach of contract against Accident Fund Insurance Company of America ("Accident Fund"), New York State Insurance Fund ("NYSIF"), and Aspen (Count III); and

   d. Declaratory judgment against Accident Fund, NYSIF, and Aspen (Count IV).

  3. On October 30, 2023, the state court dismissed Accident Fund and NYSIF pursuant to motion filed by ECA, and ECA has not amended the Complaint's allegations concerning the damage amounts sought.  True and correct copies of the motion and order are attached hereto as Exhibit 2 and Exhibit 3, respectively.

  4. In Count IV of the Complaint, ECA seeks a declaratory judgment that it is entitled to coverage under the insurance policy issued by Aspen for the full amount of the claim associated with alleged damage to equipment.  (*Id.* at ¶¶ 46-53.)

**I. THIS COURT HAS ORIGINAL JURISDICTION**

  5. Under 28 U.S.C. § 1441, cases over which federal district courts have original jurisdiction may be removed by a defendant to the federal district court embracing the place where the action is pending.  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdictions over civil actions between citizens of different states where the matter in controversy exceeds $75,000.  These conditions for original jurisdiction are met here.

  **A. Complete Diversity Exists Among the Plaintiff and the Defendants**

  6. As pled in the Complaint, ECA is a corporation that is incorporated in the State of Delaware and has its principal place of business in the Commonwealth of Pennsylvania.  (Ex. 1

at ¶ 1). Accordingly, it is a citizen of the State of Delaware and the Commonwealth of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

7. Moncon is a corporation that is incorporated in the State of New York, and has its principal place of business in the State of New York. (Ex. 1 at ¶ 2.) Accordingly, it is a citizen of the State of New York. *See* 28 U.S.C. § 1332(c)(1).

8. Aspen is a corporation that is incorporated in the State of Texas, and which, contrary to the allegations in the Complaint, has its principal place of business in the State of Connecticut. (Ex. 1 at ¶ 5.) Accordingly, it is a citizen of the State of Texas and the State of Connecticut. *See* 28 U.S.C. § 1332(c)(1).

9. Accordingly, complete diversity exists between ECA and all of the non-dismissed entities named as defendants herein.[2]

   **B.**   **The Amount In Controversy Exceeds $75,000**

10. The amount in controversy is evaluated as of the time a complaint is filed, and is controlled by the sum claimed by the plaintiff in good faith unless it appears to a legal certainty that the claim is truly for less than the jurisdictional threshold. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

11. With respect to declaratory-judgment actions, which do not seek the recovery of money, the amount in controversy is determined by reference to the value of the object of the

---

[2] Although it makes no difference for diversity or removability, the now-dismissed entities also are completely diverse from ECA. NYSIF is a not-for-profit agency of the State of New York, and is a citizen of New York. Accident Fund is a corporation that is incorporated in the State of Michigan (the Complaint erroneously reports an incorporation state of Delaware for this entity, but again, either way, this entity already has been dismissed), and has its principal place of business in the State of Michigan. Neither diversity nor consent for removal would be required of entities that already have been dismissed. *See* 28 U.S.C. § 1446(b)(3); *Bolger v. Utermohlen*, 485 F.Supp.3d 588 (E.D. Pa. 2020). And, as set forth below, this Notice of Removal is, in any event, being filed within 30 days of service of process of the Complaint on Aspen.

litigation. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Jeffrey Press, Inc. v. Hartford Cas. Ins. Co.*, 326 F. Supp. 2d 626, 628 (E.D. Pa. 2004).

12. As to Moncon, Plaintiff demands judgment in the amount of $294,487.87 for rental fees and repairs of damage to the equipment in Count I. (Ex. 1 at ¶¶ 20-31.)

13. While ECA pleads Count II in the alternative, it nonetheless demands recovery of amounts for the rental and repair of the equipment. (*See id.* at ¶¶ 32-38.)

14. Given the amount demanded in Count I for rental fees and repair costs, it cannot be said to a legal certainty that ECA cannot recover in excess of $75,000 with respect to Count II. (*See id.* at ¶¶ 20-38.)

15. Accordingly, whether considered separately or in the aggregate, the claims against Moncon exceed the $75,000 amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a)(1); *Stevens & Ricci*, 835 F.3d at 395.

16. As to Aspen, ECA seeks to recover the amount it cost to repair the damaged equipment in Count III. (Ex. 1 at ¶¶ 39-91.)

17. ECA attached to its complaint unpaid invoices for the repair of the equipment, which it has alleged remain unpaid and for which it seeks recovery. The total amount indicated on these invoices is $145,579.49. (*See id.* at ¶¶ 13, 39-91; *id.* at Complaint's Ex. B at pages entitled "WORK ORDER INVOICE.")

18. Accordingly, the allegations in the Complaint indicate that ECA's claims against Aspen exceed $75,000. Again, Accident Fund and NYSIF are not considered for diversity or removal purposes, though it should be noted that ECA's original claims against them were not (and still are not) aggregated against the multiple insurer entities, such that ECA's individual

claims against Accident Fund, NYSIF, and Aspen each would have exceeded the amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a)(1); *Stevens & Ricci*, 835 F.3d at 395.

19. As to Count IV, the repair cost for the equipment – alleged by ECA to be $145,579.49 – is the value of the alleged controversy between ECA on one part, and Aspen on the other part, because ECA seeks a declaration that the insurance policy issued by Aspen covers the alleged damage to the equipment. (Ex. 1 at ¶¶ 39-53.)

20. Accordingly, ECA's claims against all entities, taken individually, exceed § 1332(a)'s amount-in-controversy requirement.

## II.  THIS NOTICE IS PROCEDURALLY PROPER

21. Aspen was served with the Complaint on October 10, 2023. A true and correct copy of the Affidavit of Service filed in state court with respect to Aspen is attached hereto as Exhibit 4.

22. Accordingly, Aspen has filed this Notice of Removal within 30 days of service upon it of the initial pleading. *See* 28 U.S.C. § 1446(b)(1), (b)(3).

23. Defendant Moncon's consent to, or joinder in, removal is not required because Moncon has not yet been served with the Complaint. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring only those defendants who have been properly joined and served to join in, or consent to, removal); *Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985) (holding that an exception exists to the rule of unanimity where a non-resident defendant has not been served at the time the removing defendants file their petition).

24. Neither Accident Fund's nor NYSIF's consent to, or joinder in, removal is required because they were dismissed before Aspen filed this Notice of Removal. *See* 28 U.S.C. § 1446(b)(3); *Bolger*, 485 F. Supp. 3d at 589-94; *Johnson v. AFNI, Inc.*, 2022 WL 16700190, *2

(S.D.N.Y. Nov. 2, 2022) ("PDMI's consent to removal was not required because the plaintiff voluntarily dismissed PDMI as a defendant from the lawsuit before the expiration of PDMI's thirty-day time period to consent to removal.").

25. True and correct copies of the affidavits of service for Accident Fund and NYSIF are attached hereto as Exhibit 5 and Exhibit 6, respectively. These documents, along with the documents attached hereto as Exhibit 1 through Exhibit 4, and Exhibits 7 and 8 (entries of appearance) constitute all process, pleadings, and orders that have been served in the state-court action. *See* 28 U.S.C. § 1446(a).

26. As required by 28 U.S.C. § 1446(d), Aspen will file a "Notice of Filing of Notice of Removal" with the Court of Common Pleas of Allegheny County, Pennsylvania promptly after filing this Notice of Removal.

WHEREFORE, Aspen American Insurance Company, gives notice that the action pending before the Court of Common Pleas of Allegheny County, Pennsylvania is removed to this Court.

Dated: November 9, 2023

Respectfully submitted,

HOUSTON HARBAUGH, P.C.

/s/ *R. Brandon McCullough*
R. Brandon McCullough, Esquire
Pa. Id. No. 208563
mcculloughb@hh-law.com
Jason H. Peck
Pa. Id. No. 308111
peckjh@hh-law.com
Three Gateway Center
401 Liberty Avenue, 22nd Floor
Pittsburgh, PA 15222
Phone: (412) 281-5060
(*Counsel for Aspen American Insurance Company, Defendant*)

Case 2:23-cv-01943-NR   Document 1   Filed 11/09/23   Page 7 of 7

*Motion for Pro Hac Vice to be filed:*

Jared K. Markowitz, Esquire
Wayne R. Glaubinger, Esquire
MOUND COTTON WOLLAN &
GREENGRASS LLP
One New York Plaza, 44th Floor
New York, NY 10004
Phone: (212) 804-4200
jmarkowitz@moundcotton.com
WGlaubinger@moundcotton.com
(*Counsel for Aspen American Insurance Company, Defendant*)